[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13558
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-61139-JIC

DARRYL NATHANIEL SMITH,

Plaintiff-Appellant,

versus

SCOTT ISRAEL,
Broward County Sheriff's Office,
J. OWENS,
Sergeant #4292,
Broward County - Main Jail,
J. LARA,
Detention Deputy #9139, Broward County - Main Jail,
F. RUSSO,
Detention Deputy, Broward County - Main Jail,
C. WHITE,
Detention Deputy, Broward County - Main Jail,
S. KNIGHT,
Detention Deputy, Broward County - Main Jail,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2015)

Before HULL, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Darryl Smith, proceeding pro se and in forma pauperis,

appeals the dismissal of his 42 U.S.C. § 1983 civil rights action.  The district court

sua sponte dismissed Smith's amended complaint for failure to state a claim,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  After review, we affirm.[1]

## I.  BACKGROUND

On May 13, 2014, Smith, an inmate at the Broward County Main Jail, filed a

pro se § 1983 complaint against several jail officials.  The magistrate judge granted

Smith leave to proceed in forma pauperis, and directed him to file an amended

complaint because the allegations in his initial complaint were "confusing and

unclear."

---

[1]Under the Prison Litigation Reform Act, the district court must dismiss an in forma pauperis action at any time if it determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

We review a district court's sua sponte dismissal under § 1915(e)(2)(B)(ii) using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, we review the dismissal de novo, taking the well-pleaded factual allegations in the complaint as true.  Id.

**A.      Smith's Amended Complaint**

On July 1, 2014, Smith filed an amended § 1983 complaint against (1) Sheriff Scott Israel, (2) Sergeant J. Owens, (3) Deputy J. Lara, (4) Deputy F. Russo, and (5) Deputy C. White, alleging constitutional violations arising out of a February 28, 2014 "shakedown" of Smith's jail cell.  Smith's complaint alleged the following sequence of events.

During the search of Smith's cell, Deputy Lara threw away legal documents pertaining to Smith's appeal, which were part of his "quest for freedom," without his consent.  Sergeant Owens did not properly supervise Deputy Lara in conducting the search.  Deputy Russo failed to stop Deputy Lara from throwing away Smith's legal documents.

Smith requested to speak with the officer in charge ("OIC") or the shift lieutenant concerning how the shakedown was being conducted.  In response, Sergeant Owens ordered Deputy White to strip search Smith.  After the strip search, Smith made a second request to speak with the OIC or the shift lieutenant. Sergeant Owens then ordered Deputy Russo to handcuff Smith and take him downstairs for 20 to 30 minutes.  Sergeant Owens and Deputies Russo and White failed to summon medical attention for Smith when he started hyperventilating and getting headaches due to rising blood pressure caused by the shakedown.

3

After the shakedown, Smith filed a grievance with the "administration" concerning the incident, but nothing was done.  Smith alleged that Sheriff Israel knew or should have known about his employees' careless and unprofessional conduct, and that he failed to properly train his employees or have adequate safeguards in place to prevent such conduct.

**B.    Dismissal for Failure to State a Claim**

After conducting the requisite preliminary screening, the magistrate judge entered a report and recommendation ("R&R") recommending that the district court dismiss Smith's amended complaint.  Liberally construing the amended complaint, the magistrate judge identified six claims that Smith appeared to raise against the defendants: (1) access to the courts, (2) cruel and unusual punishment, (3) procedural due process, (4) retaliation, (5) failure to intervene, and (6) supervisory liability.

On July 31, 2014, the district court overruled Smith's objections, adopted the magistrate judge's R&R, and dismissed Smith's amended complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii).  Smith timely appealed.

## II.  DISCUSSION

As an initial matter, Smith's six-page appellate brief does not identify any particular error by the district court and offers no argument concerning the dismissal of his claims.  Smith, thus, has abandoned any challenges to the

4

dismissal of his amended complaint.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  To the extent that Smith has not abandoned the issue, we find no reversible error.

First, Smith failed to state a claim that Deputy Lara denied him effective access to the courts by throwing away his appeal-related legal documents.  Smith's amended complaint did not identify the nature of his appeal, much less a nonfrivolous underlying legal claim for which he sought relief in that appeal.  See Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006).  Smith's claim that Deputy Lara deprived him of procedural due process also fails because he had available an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984); Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (noting that Florida law allows state officers to be sued for conversion of personal property).

Next, Smith failed to state a claim that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when Sergeant Owens and Deputies White and Russo failed to get him medical attention.[2]  Assuming that hyperventilation and headaches were objectively serious medical needs, Smith did not allege that the defendants had subjective knowledge of a risk of serious harm. See Goebert v. Lee Cnty., 510 F.3d 1312, 1326-27 (11th Cir. 2007).

---

[2]Smith's allegation that Deputy Lara threw away his legal documents was also insufficient to state an Eighth Amendment violation.

5

Finally, Smith failed to state a claim that Sergeant Owens retaliated against him for asking to speak to the supervisor by ordering him to be strip searched and then handcuffed for 20 to 30 minutes.[3]  Smith did not show that these allegedly retaliatory acts would "likely deter a person of ordinary firmness" from complaining about the conditions of his confinement, as Smith himself made a second verbal request after the strip search and filed a grievance after the handcuffing.  See Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Because Smith did not sufficiently allege an underlying constitutional violation by any defendant, his claims for failure to intervene and supervisory liability must also fail.  For these reasons, we affirm the district court's dismissal of Smith's amended complaint.

**AFFIRMED.**

---

[3]Smith mainly makes a retaliation claim.  To the extent Smith complains about the strip search or the handcuffing for a brief time period, he at most raises an Eighth Amendment claim, but those allegations, even if true, are insufficient to state a violation of the Eighth Amendment.